UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

TONY GOMEZ,

   Petitioner,

 vs.

RANDY GROUNDS, Warden,

   Respondent.

           /

No. C 09-6055 PJH (PR)

**ORDER DENYING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

  Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

  In 1985 a Kern County jury found petitioner guilty of second degree murder. He was sentenced to prison for fifteen years to life. This court issued an order to show cause and respondent filed an answer on January 10, 2011, and petitioner filed a traverse.

**DISCUSSION**

  As grounds for federal habeas relief, petitioner asserts that: (1) the Board of Parole Hearings' decision was not supported by "some evidence;" (2) his equal protection rights were violated; (3) the Board has violated his rights by repeatedly denying parole based on the facts of an offense that occurred twenty-three years before the hearing; and (4) he has served longer than the time provided by the Board's regulations.

  As noted above, respondent filed an answer on January 10, 2011. However, on January 24, 2011, the United States Supreme Court issued *Swarthout v. Cooke*, 131 S. Ct.

859 (2011). The Supreme Court held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). As long as the petitioner received at least that much process, the federal court's habeas review is at an end. *Id.* at 862. That is, there is no constitutional right to "individual consideration." Thus, petitioner's claims that there was not "some evidence" or that the Board relied on his commitment offense are not cognizable on federal habeas review.

Petitioner next contends that the denial of parole violated his right to equal protection because he is being treated differently than another inmate named Mikael Schiold. According to petitioner, Schiold was a California prisoner and Swedish citizen who obtained a "settlement agreement" with the State of California under which he was "transferred to" Sweden where he was to be held in custody until January 1, 2007.[1] Petitioner complains that he is being discriminated against because, unlike Schiold, petitioner is not being transferred to another country and has not been given a date for his release from custody.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The allegations in the petition establish that petitioner is not "similarly situated" to Schiold, in that Schiold was granted parole by the Board and petitioner was not. Moreover, Schiold is a foreign national and petitioner is not. There is no indication or allegation that any foreign country has any interest in receiving petitioner into its custody and then releasing him at any particular date, as was the case with Schiold. Petitioner's equal protection rights thus were not violated when he was not treated the

---

[1] Though, according to petitioner the governor reversed this agreement.

same as Schiold.

Finally, petitioner argues that the Board has failed to follow its own regulations as petitioner has been incarcerated longer than the regulations provide.  However, even assuming the Board has failed to follow state regulations, this cannot be the basis for federal habeas relief.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).  Moreover, petitioner is serving an indeterminate term of fifteen years to life in prison, so there is no guarantee of parole.

Petitioner has raised no arguments concerning the basic procedures he is entitled to as described in *Swarthout*, and the court cannot review the evidence relied upon by the Board.  The petition is denied.

## CONCLUSION

For the reasons discussed above, the petition is **DENIED**.  Furthermore, because reasonable jurists would not find the result here debatable given the clear controlling Supreme Court authority, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 3, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.09\Gomez6055.rul.wpd